**Howard MITCHELL, Plaintiff,**

v.

**Louis Yu SUNG, Chia Lee, Fang Ling, and Ben Groh, Defendants.**

**No. C–92–2846 DLJ.**

United States District Court, N.D. California.

Feb. 4, 1993.

Christopher Brancart, Brancart & Brancart, Pescadero, CA, for plaintiff.

Jeremy Sugerman, Morton & Lacy, San Francisco, CA, for defendants.

## ORDER

JENSEN, District Judge.

On December 9, 1992, the Court heard defendants' motion to dismiss plaintiff's third and fifth causes of action and defendants Chia Lee and Fang Ling's motion to quash plaintiff's complaint. Christopher Brancart of Brancart & Brancart appeared for plaintiff. Jeremy Sugerman of Morton & Lacy appeared for defendants. Having considered the papers submitted, the arguments of counsel, and the applicable law, the Court GRANTS defendants' motion to dismiss plaintiff's third and fifth causes of action and GRANTS defendants' motion to quash.

## I. BACKGROUND

Plaintiff Howard Mitchell, a black housing tester, brings this action on behalf of himself and as a representative of the general public pursuant to California Business and Professions Code section 17204. Plaintiff alleges that defendants discriminated against him on the basis of his race. Plaintiff avers that defendants Louis Yu Sung, Chia Lee, and Fang Ling own and operate a residential hotel located at 815 O'Farrell Street in San Francisco, California ("rental premises"). Defendant Ben Groh was the on-site manager of the rental premises.

Plaintiff claims that defendants have engaged in a practice of racial discrimination against residents and prospective residents of the rental premises. Beginning in August 1990, on a referral from the San Francisco Human Rights Commission, Operation Sentinel, a nonprofit fair housing organization, investigated the rental practices of defendants. Mitchell alleges the following facts.

Plaintiff claims that on August 8, 1990 he posed as a prospective tenant. Defendant Ben Groh, who is not black, informed plaintiff that no vacant apartment was available. Plaintiff further avers that Groh said an

apartment would be available at the end of August, but that it had already been promised to another.

Later that same day, on August 8, Dick Richards, a white housing tester, posed as a prospective tenant at the rental premises. Groh allegedly showed Richards an apartment and told him that another apartment would be available in one week and another one month thereafter.

Mitchell also argues that, on January 30, 1991, Stan Davis, another black housing tester, posed as a prospective tenant at the rental premises. Groh allegedly reported that a studio apartment would be available in two weeks and another available in one week. Davis was shown one of the apartments.

On January 31, 1991, James Webster, a white housing tester, also posed as a prospective tenant at the rental premises. Groh allegedly informed Webster that three units would be available the following day and possibly a fourth unit would be available contingent on a person calling him that afternoon.

On March 5, 1992, Jack Farmer, a black housing tester, posed as a prospective tenant at the same premises. Groh is reported to have informed Farmer that three units would be available for rent in a week, but that he would prefer not to show the apartments at the time because they were unclean. Farmer was given an application and told to return the following week.

On March 5, 1992, three hours after Farmer met with Groh, Eliot Canick, a white housing tester, posed as a prospective tenant. Canick too met with Groh, who showed him a one-bedroom unit. Groh allegedly told Canick that he could have the apartment if his application was approved.

On July 22, 1992, plaintiff Howard Mitchell filed this action against defendants Louis Yu Sung, Chia Lee, Fang Ling, and Ben Groh seeking monetary, declaratory, and injunctive relief. Plaintiff claims that defendants have caused him to suffer severe personal injury and hardship. Plaintiff states that he has suffered severe emotional distress and mental anguish as a result of defendants' actions and omissions.

Plaintiff has alleged the following claims: (1) Violation of 42 U.S.C. § 3604 *et seq.* (Fair Housing Act of 1968); (2) negligence; (3) violation of California Civil Code § 51 *et seq.* (Unruh Act); (4) violation of California Business and Professions Code § 17200; and (5) violation of 42 U.S.C. § 1982.

Defendants Lee and Ling now move the Court to dismiss them from the action pursuant to Rule 12(b)(5) on the grounds that plaintiff's service of process was insufficient.

All defendants move the Court to dismiss the fifth and third causes of action pursuant to Rule 12(b)(6) on the grounds that these claims are barred by the statute of limitations.

All defendants also move the Court to dismiss the fifth cause of action pursuant to Rule 12(b)(1) on the additional grounds that the Court lacks subject matter jurisdiction to hear this claim.

## II. LEGAL STANDARD FOR A MOTION TO DISMISS

The primary objective of the legal system is to obtain a determination on the merits rather than a dismissal based on pleadings. Accordingly, motions to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), are generally viewed with disfavor. The U.S. Supreme Court has held that a complaint should not be dismissed unless it appears "beyond doubt" that plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Thus, the question presented by a motion to dismiss is not whether plaintiff will prevail in the action, but whether plaintiff is entitled to offer evidence in support of his or her claim. *Scheuer v. Rhodes,* 416 U.S. 232, 235, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

In answering this question, the Court must assume that plaintiff's allegations are true and must draw all reasonable inferences in plaintiff's favor. *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987) (citation omitted). Even if the face of the pleadings indicates that the chance of recovery is re-

mote, the Court must allow plaintiff to develop his or her case at this stage of the proceedings. *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir.1981).

## III. DISCUSSION

### A. *Motion to Quash for Insufficiency of Process*

Defendants Chia Lee and Fang Ling move for an order dismissing them from the complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(5) or, in the alternative, quashing service of the complaint for insufficiency of service of process. Plaintiff does not oppose quashing the service.

Accordingly, as discussed at the hearing, service is quashed and plaintiff is required to serve these two defendants. If not already completed, service should be completed within twenty days of this Order. The Court will not dismiss these two defendants from the lawsuit.

### B. *Statute of Limitations*

All defendants move for an order dismissing plaintiff's third and fifth causes of action as barred by the statute of limitations.

#### 1. Fifth Cause of Action

■ Plaintiff's fifth claim alleges a violation of 42 U.S.C. § 1982. Defendants argue that this claim must be dismissed on the grounds that the statute of limitations has run. The parties dispute the appropriate limitations period for a section 1982 claim brought in California and assert that no California court or federal court viewing California law has visited this issue.

Section 1982 is one of three primary statutes passed in the Civil Rights Act of 1866. *See* 42 U.S.C. §§ 1981–83. Because section 1982 does not have a statute of limitations, courts apply the applicable state statute of limitations. As the U.S. Supreme Court noted, "[b]ecause § 1981, like §§ 1982 and 1983, does not contain a statute of limitations, federal courts should select the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660, 107 S.Ct. 2617, 2620, 96 L.Ed.2d 572 (1987) (involving section 1981 claim).

The U.S. Supreme Court in *Wilson v. Garcia*, 471 U.S. 261, 277–79, 105 S.Ct. 1938, 1948–49, 85 L.Ed.2d 254 (1985), concluded that section 1983 claims are best characterized as personal injury actions for purposes of selecting the most appropriate state statute of limitations and thus should be governed by the analogous state statute of limitations for personal injury actions.

Similarly, the Court in *Goodman* found that the rationale in *Wilson* was equally applicable to causes of action brought under section 1981. *Goodman*, 482 U.S. at 661, 107 S.Ct. at 2621. Hence, section 1981 claims are also controlled by state statutes of limitations for personal injury actions. *Id.*

The California statute of limitations for personal injuries is set out in Civil Procedure Code section 340(3). Section 340(3) requires that an action for personal injury be filed within one year of the alleged injury. In this case, defendants argue that the injury which Mitchell complains of occurred August 8, 1990 and that this complaint was filed July 22, 1992. Thus, defendants conclude that the statute of limitations has run.

Plaintiff rejects this argument. Rather, plaintiff claims that neither the Supreme Court nor the Ninth Circuit has addressed the issue in this case—what is the limitations period for section 1982? Mitchell maintains that just because *Wilson* involves section 1983 and *Goodman* concerns section 1981, it does not follow that a section 1982 limitations period analysis would be identical.

Plaintiff argues that section 1982 seeks to redress a different type of wrongful conduct than sections 1981 and 1983, and thus deserves a different statute of limitations. Mitchell maintains that section 1982 is most similar to the Unruh Act and the limitations period, as argued by plaintiff below, is either a three or four year period.

However, plaintiff's position is unavailing. The bootstrapping approach to the Unruh Act is unhelpful. As discussed below, the parties claim that no California court has determined the appropriate statute of limitations for the Unruh Act. Thus, turning to that Act does not assist the Court in its

present task of determining the limitations period for the section 1982 cause of action.

■ Plaintiff's attempt to sever section 1982 from sections 1981 and 1983, which have already been found by the U.S. Supreme Court to be analogous to personal injury actions, must fail. Sections 1981, 1982, and 1983 are a collection package of rights. The three statutes are "part of a federal law barring racial discrimination, which . . . is a fundamental injury to the individual rights of a person." *Goodman,* 482 U.S. at 661, 107 S.Ct. at 2621. Regardless of the conduct the statutes seek to redress, all three statutes seek to address injuries to personal rights. At least one court has held that section 1982 must be viewed as a personal injury similar to sections 1981 and 1983. *See Scheerer v. Rose State College,* 774 F.Supp. 620, 622 (W.D.Okla.1991).

■ Accordingly, the Court concludes that section 1982 claims are best characterized as personal injury actions which should be governed by the analogous state limitations period. In California, the statute of limitations for personal injuries is one year. *See* Cal. Civ.Proc.Code § 340(3). Here, Mitchell complains of an injury that occurred on August 8, 1990, which is more than one year before the complaint was filed in July 1992. Thus, the statute of limitations has run and plaintiff's section 1982 cause of action must be dismissed.

2.   Third Cause of Action

■ Plaintiff's third cause of action alleges a violation of the California Unruh Act, Civil Code § 51 *et seq.* Defendants argue that this claim must also be dismissed because the statute of limitations has expired.

Plaintiff states that the Unruh Act contains no statute of limitations and the appropriate limitations period is a question of first impression. There would thus be three possible limitations choices. First, as defendants argue, a one year period under California Code of Civil Procedure ("CPC") section 340(3) could apply as it does to personal injury actions. Second, a three year period could apply under CPC section 338, which applies to an "action upon a liability created

by a statute." Third, a four year period could apply under CPC section 343, a catch-all provision which applies to an action "not hereinbefore provided for." Plaintiff claims that either of the last two options should apply which would make his third cause of action timely.

Plaintiff's first choice is for the four year period, claiming that CPC section 343 should govern the Unruh Act because the Act fails to provide a limitations period. Plaintiff states that the Ninth Circuit has applied section 343 to cases alleging race discrimination. *See Marshall v. Kleppe,* 637 F.2d 1217 (9th Cir.1980) (applying section 343 to *Bivens* action by black business owner alleging race discrimination). However, defendants attack this case, arguing that it does not involve a claim brought on a state statute, was decided before *Wilson* and *Goodman,* and has been largely criticized and not followed. In addition, defendants correctly argue that section 343 is not the catch-all personal injury statute since residual personal injury actions are covered by 340(3) (one year period).

Alternatively, plaintiff urges the Court to consider the three year period under CPC section 338. The three year period is recommended for a cause of action based upon a "liability created by statute 'only where the liability is embodied in a statutory provision *and* was of the type which did not exist at common law.'" *Jackson v. Cedars–Sinai Medical Center,* 220 Cal.App.3d 1315, 1320, 269 Cal.Rptr. 877 (1990) (citing 3 Witkin, *California Procedure* § 457 (3d ed. 1985)) (emphasis in original). Plaintiff states that a claim under the Unruh Act meets this test because the Act was passed in California shortly after passage of the Federal Civil Rights Act of 1875. Plaintiff claims that because, for the first time, these laws prohibited discrimination by private persons in public accommodations on account of race, that this shows there was no common law cause of action to redress racial discrimination by private persons.

■ However, as defendants point out, there is no dispute that personal injury claims existed at common law. The *Wilson* and *Goodman* Courts viewed sections 1983 and 1981, respectively, as personal injury

actions even though the conduct giving rise to the injury was not actionable before the statutes were enacted. Rather than focus on the activity, the Court must consider the personal nature of the injury itself.

The Court concludes that plaintiff's request for the application of CPC section 338 or 343 is misguided. CPC section 338 is inapplicable because personal injury actions existed at common law. CPC section 343 misses the mark because it is not the catch-all personal injury statute. CPC section 340(3) is the residual personal injury statute. The Unruh Act seeks to protect against personal injury. Thus, a one year statute of limitations period must be applied to plaintiff's Unruh Act claim. Here, plaintiff has failed to file his lawsuit within one year of the alleged incident giving rise to his claim. Accordingly, the Unruh Act cause of action must be dismissed.

### C.  *Standing for the Fifth Cause of Action*

All defendants also seek to dismiss the fifth cause of action for violation of 42 U.S.C. § 1982 due to a lack of subject matter jurisdiction because they claim that the plaintiff lacks standing to raise this action.

As the Court dismisses the section 1982 claim as barred by the statute of limitations, the Court need not explore and resolve defendants' standing argument. The Court does note, however, that there appears to be serious doubt as to whether plaintiff would have standing to sue under section 1982 even if he had actually filed within the limitations period.

### IV.  CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Defendants Chia Lee and Fang Ling's motion to quash service is GRANTED. If not already completed, service should be completed within twenty days of this Order.

2. Defendants' motion to dismiss plaintiff's fifth cause of action for violation of 42 U.S.C. § 1982 is GRANTED.

3. Defendants' motion to dismiss plaintiff's third cause of action for violation of California Civil Code § 51 *et seq.* (Unruh Act) is GRANTED.

4. A status conference is hereby scheduled for March 17, 1993, at 8:30 a.m.

IT IS SO ORDERED.