129 F.3d 127
 11 NDLR P 115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
imothy SEXTON, Plaintiff-Appellant,
v.
OTIS COLLEGE OF ART & DESIGN BOARD OF DIRECTORS; Otis
College of Art and Design, Defendants-Appellees.
 No. 96-55599.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Sept. 10, 1997
Nov. 4, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. D.C. No. CV-95-1695-LGB; Lourdes G. Baird, District Judge, Presiding
 
 
 2
 Before PREGERSON and HAWKINS, Circuit Judges, and WEINER,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Timothy Sexton ("Sexton") appeals the district court's summary judgment grant in favor of Otis College of Art and Design ("Otis") in Sexton's action against Otis for an alleged failure to provide a reasonable accommodation for his disability. We affirm.
 
 
 5
 Sexton, who is hearing impaired, began attending Otis in January 1991. In a letter dated January 10, 1991, Otis offered to reduce Sexton's tuition by fifty percent so that he could use the tuition savings to hire his own sign interpreters. One week later, Sexton advised Otis that its offer of reduced tuition was insufficient to cover the cost of employing an adequate interpreter. Further, Sexton requested that Otis pay the full cost of a qualified and adequate interpreter.
 
 
 6
 Despite Sexton's numerous complaints to Otis over the next several years, the same arrangement remained in place. Finally, on October 11, 1994, Otis relented and agreed to provide an interpreter to Sexton at the school's expense. Otis also left the tuition reduction in place.
 
 
 7
 Within two weeks, Sexton informed Otis that the Otis-funded interpreter was inadequate. Soon thereafter, Sexton stopped attending classes. Three months later, Otis expelled Sexton because of inadequate grades.
 
 
 8
 Sexton filed suit against Otis on March 17, 1995, alleging violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-89; the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794; and California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ.Code § 51. He also sued for breach of contract and intentional and negligent infliction of emotional distress. The district court granted summary judgment for Otis on all of Sexton's claims. The district court ruled that Sexton's claims were time-barred.
 
 
 9
 Claims under the ADA and the Rehabilitation Act are typically governed by a one-year statute of limitations. Cf. Pottgen v. Missouri St. High Sch. Activities Ass'n, 40 F.3d 926, 930 (8th Cir.1994) (stating that interpretations of the ADA must be consistent with interpretations of the Rehabilitation Act); Baker v. Board of Regents of State of Kan., 991 F.2d 628, 632 (10th Cir.1993) (analogizing Rehabilitation Act claims to personal injury claims); Cal.Civ.Proc.Code § 340(3) (West 1997) (establishing a one-year statute of limitations for personal injury claims). Also, the statute of limitations for a breach of contract claim is two years. See Cal.Civ.Proc.Code § 339 (West 1997).
 
 
 10
 In his First Amended Complaint ("Complaint") Sexton alleges that Otis failed to provide an adequate interpreter from January 1991 through January 1995. At oral argument, Sexton's counsel suggested that the Complaint alleged a specific and isolated act occurring in October 1994. Our review of the Complaint, however, reveals that it does not allege any specific allegations concerning the events of October 1994 through January 1995, but only a claimed ongoing failure on the part of Otis to provide him with reasonable accommodations. Accordingly, the district court did not err in concluding that Sexton's cause of action accrued in January 1991. Applying either a one or two-year statute of limitations, Sexton's claims are time-barred.
 
 
 11
 In addition, because Sexton failed to challenge, in his opening brief, the district court's dismissal of his claims for intentional and negligent infliction of emotional distress, we refuse to consider his arguments on those claims. See In re Pacific Enterprises Securities Litig., 47 F.3d 373, 379, n. 6 (9th Cir.1995).
 
 
 12
 AFFIRMED.
 
 
 
 **
 Honorable Judge Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3