Janine KRAMER; Shazia Siddiqi; Emily Alexander; Megan Jones; Lisa Rapalyea, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

REGENTS OF THE UNIVERSITY OF CALIFORNIA; Robert M. Berdahl, Chancellor of the University of California at Berkeley in his official capacity; and Larry N. Vanderhoef in his official capacity, Defendants.

No. C 99–0790 SI.

United States District Court, N.D. California.

June 1, 1999.

Guy B. Wallace, Claudia Center, Employment Law Center Legal Aid Society of S.F., San Francisco, CA, for Janine Kramer, plaintiff.

Guy B. Wallace, Claudia Center Employment Law Center Legal Aid Society of S.F., San Francisco, CA, Todd M. Schneider, Noah D. Lebowitz, Schneider & McCormac, San Francisco, CA, for Shazia Siddiqi, Emily Alexander, Megan Jones, Lisa Rapalyea.

Michael T. Lucey, Michael D. Bruno, Greta Schnetzler, Gordon & Rees, San Francisco, CA, Jeffrey A. Blair, James E. Holst, Christopher M. Patti, John F. Lundberg, Oakland, CA, for The University of California at Berkeley, The Regents of the University of California, Robert M. Berdahl, Chancellor of the University of California at Berkeley.

## ORDER DENYING MOTION TO DISMISS

ILLSTON, District Judge.

On May 21, 1999, the Court heard argument on defendants' motion to dismiss. Having considered the arguments of counsel and the papers submitted, the Court hereby DENIES the defendants' motion.

### BACKGROUND

On February 24, 1999, plaintiffs Janine Kramer, Shazia Siddiqi and Emily Alexander sued defendants the University of California at Berkeley, the Regents of the University of California, and Robert Berdahl, Chancellor of the University of California at Berkeley (collectively "the University") alleging violations of (1) the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. ("ADA"); and (2) § 504 of the Rehabilitation Act ("Rehab Act"). Plaintiffs filed a substantially similar first amended complaint on May 3, 1999, which

named Chancellor Larry Venderhoef of the University of California at Davis and Chancellor Robert Berdahl or the University of California at Berkeley as defendants in their official capacities.[1] Plaintiffs are deaf or severely hard-of-hearing students at the University of California, and sue on behalf of themselves and all others similarly situated.[2] Plaintiffs allege that the class that they represent "is composed of all students who are Deaf or hard-of-hearing who have been denied the right to full and equal access to the benefits of the programs, services and activities of [the University of California] because of the violations described herein, and persons who are Deaf or hard-of-hearing who have been deterred from enrolling at [the University of California] because of the violations described herein." First Amended Complaint, ¶ 21. This motion to dismiss is deemed to be directed toward the first amended complaint.

Plaintiffs allege that the University has failed to provide students with hearing disabilities with equal access to the benefits of its programs, services and activities. Plaintiffs contend, *inter alia*, that the University has (1) provided accommodations and services that are not accurate and effective; (2) failed to provide prompt accommodations and services, including delays of a period of weeks or months; (3) failed to participate in a good faith interactive accommodation process; (4) failed to provide accommodations and services for extracurricular activities which are provided to nondisabled students; and (5) failed to install an effective back-up plan to provide accommodations when captioners or interpreters suddenly become unavailable.

Presently before this Court is defendants' motion to dismiss the claims of plaintiff Emily Alexander from the complaint. The complaint alleges that Emily Alexander was a law student at Boalt Hall School of Law from the fall semester of 1994 through the spring semester of 1997, and defendants repeatedly denied reasonable accommodations to Ms. Alexander for her disability. First Amended Complaint, ¶¶ 15, 46. Defendants contend that the one-year statute of limitations bars Ms. Alexander's claims. Plaintiffs contend that the applicable statute of limitations is three years, and therefore Ms. Alexander's claims are not barred.[3]

## LEGAL STANDARD

A motion to dismiss for failure to state a claim will be denied unless it appears that the plaintiffs can prove no set of facts which would entitle them to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Fidelity Fin. Corp. v. Federal Home Loan Bank*, 792 F.2d 1432, 1435 (9th Cir.1986). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiffs. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986).

## DISCUSSION

Neither the ADA nor the Rehab Act contains its own limitations period. Where federal statutes do not contain their own limitations periods, federal courts apply the most appropriate or analogous state statute of limitations. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660, 107 S.Ct. 2617, 2620, 96 L.Ed.2d 572 (1987); *Wilson v. Garcia*, 471 U.S. 261, 269, 105 S.Ct. 1938, 1941–42, 85 L.Ed.2d 254 (1985). In so doing, courts must determine whether the application of that limitations period

---

1. Plaintiffs also added Megan Jones and Lisà Rapalyea as named plaintiffs.

2. No class certification motion has yet been filed in this action.

3. Defendants also move to dismiss any claims against Chancellor Berdahl in his individual capacity. Plaintiffs' first amended complaint names Chancellor Berdahl in his official capacity, and therefore plaintiffs contend that this portion of defendants' motion is moot. As defendants do not contest plaintiffs' mootness claim, this Court finds this issue is moot.

is consistent with the federal statute and its underlying policies. *Wilson,* 471 U.S. at 266–68, 105 S.Ct. at 1941–43.

The parties agree that neither the ADA nor the Rehab Act contains its own statute of limitations. The parties do not agree, however, on which state statute of limitations is most appropriate for plaintiffs' claims under the ADA and the Rehab Act. Defendants argue that the one-year personal injury statute of limitations in California Code of Civil Procedure § 340(3) should apply. Plaintiffs argue that the three-year statute of limitations in California Code of Civil Procedure § 338(a) should apply. Ms. Alexander's claims would be barred under the one-year limitations period but would not be barred under the three-year limitations period.

Plaintiffs argue that a three-year limitations period should apply because the state law most analogous to the ADA is the Unruh Civil Rights Act and the California Disabled Persons Act.[4] The Unruh Civil Rights Act provides:

> All persons within the jurisdiction of this state are free and equal, and no matter what their ... disability are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.... A violation of the right of any individual under the Americans with Disabilities Act of 1990 ... shall also constitute a violation of this section.

Cal.Civ.Code § 51 (West 1999). The California Disabled Persons Act provides:

> (a) Individuals with disabilities shall have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places.
>
> ...

(c) A violation of the right of an individual under the Americans with Disabilities Act of 1990 ... also constitutes a violation of this section.

Cal.Civ.Code § 54 (West 1999). Although the Unruh Act does not contain its own statute of limitations, the Ninth Circuit has indicated that the three-year statute of limitations in California Civil Code § 338 would apply. *Olympic Club v. Those Interested Underwriters at Lloyd's London,* 991 F.2d 497, 501 n. 11 (9th Cir.1993) (dicta).

Other circuit courts faced with this problem have reached differing conclusions. Most circuit courts have adopted the state statute of limitations for personal injury actions by analogizing ADA or Rehab Act to claims under 42 U.S.C. § 1983, noting that the Supreme Court has held that state statutes of limitations for personal injury claims apply to civil rights claims under § 1983. *See Morse v. Univ. of Vermont,* 973 F.2d 122, 126–27 (2nd Cir.1992) (applying the three-year Vermont statute of limitations for personal injury actions to a Rehab Act claim); *Hall v. Knott County Board of Educ.,* 941 F.2d 402, 407–08 (6th Cir.1991) (indicating that the one-year Kentucky statute of limitations for personal injury actions should apply to a Rehab Act claim); *Soignier v. American Bd. of Plastic Surgery,* 92 F.3d 547, 551 (7th Cir.1996) (applying the two-year Illinois personal injury statute of limitations to ADA discrimination claims under Title III); *Baker v. Board of Regents of State of Kansas,* 991 F.2d 628, 631–32 (10th Cir. 1993) (applying Kansas' two-year statute of limitations to a Rehab Act claim).

Other courts have looked first to state statutes analogous to the ADA or to the Rehab Act. Where a state statute did not exist these circuit courts also have applied the state personal injury statutes of limita-

---

4. Although defendants argue that the California Fair Employment and Housing Act ("FEHA") also incorporates the ADA, the sections of the FEHA cited by defendants incorporate only portions of the ADA, while the Unruh Act makes *any* violation of the ADA also an Unruh Act violation.

tions. *See Everett v. Cobb County School Dist.*, 138 F.3d 1407, 1409 (11th Cir.1998) (finding no Georgia statute analogous to the Rehab Act, and therefore applying Georgia's two-year statute of limitations for personal injury actions); *see also Hickey v. Irving Independent School Dist.*, 976 F.2d 980, 982–83 & n. 3 (5th Cir.1992) (applying Texas' two-year personal injury limitations period where no state statute with a limitations period was analogous). In the one circuit court case in which a state statute prohibited discrimination against persons with disabilities and included its own statute of limitations, however, the Fourth Circuit applied the state disability discrimination statute's limitations period. *Wolsky v. Medical College of Hampton Roads*, 1 F.3d 222, 224 (4th Cir. 1993) (applying the one-year statute of limitations found in the Virginia Rights of Persons with Disabilities Act to a Rehab Act claim); *see also Southerland v. Hardaway Management Co.*, 41 F.3d 250, 257–59 (6th Cir.1994) (dissent) (citing with approval the reasoning in *Wolsky* and criticizing the approach that applies personal injury limitations periods by analogizing disability discrimination claims to claims under § 1983).

The Ninth Circuit has not yet decided this question. *See Alexopulos v. San Francisco Unified School Dist.*, 817 F.2d 551, 554 (9th Cir.1987) (noting that under either the one-year period provided by Cal.Civ.Code § 340(3) or the three-year period provided by Cal.Civ.Code § 338(1), the plaintiff's claims were barred). In *Alexopulos*, however, the court did note that "Section 504 [of the Rehab Act] is a civil rights statute closely analogous to section 1983 [and t]he Supreme Court has characterized section 1983 claims as per-

sonal injury actions governed by California's one-year statute of limitations." *Id.* at 554 (internal citations omitted). Moreover, in *Taylor v. Regents of the Univ. of California*, 993 F.2d 710, 712 (9th Cir. 1993), the Ninth Circuit applied the one-year personal injury statute of limitations to claims under Title VI, 42 U.S.C. § 2000d, which prohibits discrimination on the basis of race, color, and national origin in programs that receive federal financial assistance. Title VI is similar to § 504 of the Rehab Act, which prohibits discrimination on the basis of disability in programs that receive federal financial assistance.[5]

Several district courts in this district have held that California's one-year statute of limitations applies to disability discrimination claims. *See Independent Housing Services of San Francisco v. Fillmore Center Associates*, 840 F.Supp. 1328, 1345 (N.D.Cal.1993) (Caulfield, J.) (holding that one-year limitations period applied to claims under § 504 of the Rehab Act); *Einheber v. The Regents of the University of California*, No. C 97–4352 (N.D.Cal. May 7, 1998) (Wilken, J.) (holding that the one-year statute of limitations for personal injury actions applies to Rehab Act claims) (attached as Exhibit A to Declaration of Michael Bruno); *Alberti v. City, County of San Francisco Sheriff's Dept.*, 32 F.Supp.2d 1164, 1172 (N.D.Cal.1998) (Orrick, J.) (holding that the one-year statute of limitations for personal injury actions applies to ADA claims); *Larramendy v. San Mateo County Transit Dist.*, 1998 WL 456283 (N.D.Cal. July 30, 1998) (Smith, J.) (applying one-year statute of limitations to ADA claim); *Avery v. Tri–County Extradition, Inc.*, 1999 WL 183604 (N.D.Cal. March 25, 1999) (Legge, J.) ("[A] claim

---

**5.** This Court also found one unpublished Ninth Circuit opinion that suggested that either a one-year or two-year statute of limitations might apply in circumstances similar to the case at bar, but then held that the plaintiff's claims were barred because they were filed more than four years after the cause of action accrued. *See Sexton v. Otis College of Art & Design Board of Directors*, No. 96–

55599, 1997 WL 697294, at *1 (9th Cir. Nov.4, 1997) (involving a hearing-impaired student's action against his college for failure to accommodate his disability). This case cites *Baker*, which opts for the personal injury statute of limitations through analogy to § 1983. *Sexton* does not resolve the appropriate statute of limitations to apply here.

under the ADA is typically governed by a one-year statute of limitations."); *Schneider v. City and County of San Francisco,* 1999 WL 144878 (N.D.Cal. March 10, 1999) (Legge, J.) (holding one-year statute of limitations applies to ADA claims); *McColm v. Santa Clara County,* 1997 WL 33016 (N.D.Cal. Jan.15, 1997) (Ware, J.) (holding that a one-year statute of limitations applied to an ADA claim); *see also Schonfeld v. City of Carlsbad,* 978 F.Supp. 1329, 1332–33 (S.D.Cal.1997) (Gonzalez, J.) (applying a one-year statute of limitations to an ADA claim). At least one district court in the Northern District of California, however, has held that a three-year statute of limitations applies to claims under section 504 of the Rehab Act. *Campos v. San Francisco State Univ.,* No. C 97–2326 at n. 1 (N.D.Cal. January 29, 1999) (Chesney, J.) (holding that a three-year statute of limitations applied) (attached as Exhibit A to Declaration of Guy Wallace).

With the exception of the court in *Campos,* it appears that none of the district courts in this district that have considered this issue have been presented with the arguments presented here. Most of those opinions adopt the one-year limitations period with little or no discussion, by analogizing ADA or Rehab Act claims to § 1983 claims. None considered whether the statute of limitations applicable to the Unruh Act should apply, and none of these cases discussed the reasoning in *Wolsky.*

This Court is persuaded that the reasoning of *Wolsky* is correct. Because *Wilson* requires determining the appropriate statute of limitations by "adopting the statute governing an analogous cause of action under state law," this Court must look to the state law most analogous to the ADA and the Rehab Act. *Wilson,* 471 U.S. at 271, 105 S.Ct. at 1944. Simply concluding that the ADA is a civil right, and that therefore the statute of limitations applicable to § 1983 should apply, seems insuffi-

cient. As the dissenting judge in *Southerland* noted:

> Analogizing all federal civil rights statutes to section 1983 claims for purposes of finding a statute of limitations may expedite the analysis, but it directly conflicts with *Wilson*'s primary mandate to find the most analogous state statute for the cause of action under consideration.

*Southerland,* 41 F.3d at 258. In *Wilson,* the Supreme Court emphasized that because of the unique nature of § 1983 claims they could "have no precise counterpart in state law" and "any analogies to those causes of action are bound to be imperfect." *Wilson,* 471 U.S. at 272, 105 S.Ct. at 1944–45. The Court chose a general personal injury statute of limitations rather than a more specific one because § 1983 claims "encompass numerous and diverse topics and subtopics," and therefore "[a]lmost every § 1983 claim can be favorably analogized to more than one of the ancient common-law forms of action, each of which may be governed by a different statute of limitations." *Wilson,* 471 U.S. at 272–73, 105 S.Ct. at 1945. That is not the case here. Unlike the broad § 1983 claims in *Wilson,* here the more specific nature of ADA allows for a direct relationship to state law prohibiting disability discrimination. Because the Unruh Act and the California Disabled Persons Act both essentially incorporate the ADA in its entirety, this Court concludes that those laws are directly analogous to federal disability discrimination laws.[6]

At this point, however, the facts of this case depart from those in *Wolsky.* In *Wolsky,* the Virginia disability discrimination statute included its own statute of limitations. The Unruh Act and the California Disabled Persons Act do not. Under these circumstances, this Court still must determine which statute of limitations is most appropriate here. *See Kohler v. Shenasky,* 914 F.Supp. 1206, 1211

---

**6.** As the Eleventh Circuit noted in *Everett,* the ADA and the Rehab Act are nearly identical, and therefore the same statute of limitations should apply to both. *See Everett,* 138 F.3d at 1409.

(D.Md.1995) (noting that the selection of the most analogous or appropriate state statute was not as clear cut where the state legislature had enacted a statute but omitted an applicable statute of limitations). Thus this Court is left without an explicit statute of limitations in either the ADA or the Unruh Act, and must rely only on the directive of *Wilson* to choose the most "analogous" or "appropriate" statute of limitations from state law as a guide.

At oral argument, defendants urged the Court to adopt a one-year statute of limitations, citing *Alberti* and *Mitchell v. Sung*, 816 F.Supp. 597 (N.D.Cal.1993). As noted above, *Alberti* applied a one-year statute of limitations by following the lead of other circuits that have analogized the ADA to personal injury causes of action. Those other circuits, however, applied state law from other states, and did not address which *California* statute of limitations is most analogous or appropriate to actions under the ADA. *See Wilson*, 471 U.S. at 271, 105 S.Ct. at 1944 (courts must adopt "the statute governing an analogous cause of action under state law"); *Goodman*, 482 U.S. at 660, 107 S.Ct. at 2620 ("courts should select the most appropriate or analogous state statute of limitations").

The court in *Mitchell* addressed which statute of limitations should apply to federal claims under 42 U.S.C. § 1982, and the plaintiff in that case did try to analogize § 1982 to the Unruh Act. At the time *Mitchell* was decided, however, no court had yet determined the appropriate statute of limitations for the Unruh Act, and accordingly "turning to that Act [did] not assist the Court in its . . . task of determining the limitations period for the section 1982 cause of action." *Mitchell*, 816 F.Supp. at 600–01. Because it was unclear which limitations period applied to the Unruh Act, and because to apply a different statute of limitations to different portions of the same federal civil rights act seemed

inappropriate, the court in *Mitchell* applied California's one-year personal injury limitations period to the plaintiff's § 1982 claim.[7]

Since *Mitchell* was decided, the Ninth Circuit has indicated in a footnote that a three-year statute of limitations would apply to Unruh Act violations. *Olympic Club v. Underwriters at Lloyd's London*, 991 F.2d at 501 n. 11. Since *Olympic Club*, at least one district court in this district also found that a three-year limitations period applies to Unruh Act claims. *Independent Housing Services*, 840 F.Supp. at 1359–60 (applying three-year statute of limitations to Unruh Act claims). Defendants do not dispute that this is the correct statute of limitations for Unruh Act claims. Accordingly, unlike the situation presented in *Mitchell*, the three-year Unruh Act limitations period now presents a clear alternative to the one-year personal injury statute of limitations for purposes of the ADA.

More significant, however, is the inconsistency that would be created by applying a one-year limitations period to ADA claims while applying a three-year limitations period to identical Unruh Act claims. Although the legal elements and factual requirements of these claims would be the exactly the same, the statute of limitations would differ depending on whether a plaintiff filed her claim in state or federal court. This would undercut consistency between state and federal forums and contravene the *Wilson* policy of "adopting the statute governing an analogous cause of action under state law [to] incorporate[ ] the State's judgment on the proper balance between the policies of repose and the substantive policies of enforcement embodied in the state cause of action." *Wilson*, 471 U.S. at 271, 105 S.Ct. at 1944.

■ This Court concludes that a three-year, rather than one-year, statute of limi-

---

**7.** The court in *Mitchell* also held that the one-year limitations period applied to the plain-

tiff's Unruh Act claims. *Id.* at 601.

tations should apply to plaintiffs' claims. The ADA and the Unruh Act are not just closely analogous, they are virtually identical. Although the Unruh Act does not contain an explicit three-year statute of limitations, courts have held that a three-year limitations period applies to Unruh Act claims. To apply a one-year statute of limitations to identical claims under the ADA would create an anomaly based solely on the state or federal nature of the courthouse, and not on the nature of the claim itself.

Having chosen the three-year statute applicable to Unruh Act claims, this Court must also consider whether application of this limitations period is consistent with federal law or policy. *See Wilson,* 471 U.S. at 266–67, 105 S.Ct. at 1942. Defendants argue that because the court in *McCullough v. Branch Banking & Trust Company,* 35 F.3d 127, 129 (4th Cir.1994), concluded that a 180–day limitations period for an ADA claim was consistent with federal law, it necessarily follows that a longer period would be inconsistent with federal law and policy.[8] The fact that a relatively short limitations period is acceptable does not necessarily mean that longer limitations periods are unacceptable, however. Indeed, federal courts have applied much longer limitations periods to claims under the ADA and the Rehab Act, as well as to civil rights claims under § 1983. *See Morse,* 973 F.2d at 126–27 (applying three-year limitations period to Rehab Act claim); *Soignier,* 92 F.3d at 551 (7th Cir.1996) (applying two-year limitations period to ADA claim); *Baker,* 991 F.2d at 631–32 (applying two-year limitations period to Rehab Act claim); *see also Wilson,* 471 U.S. at 280, 105 S.Ct. at 1949 (applying three-year limitations period to § 1983 claim). Accordingly, this Court concludes the three-year statute is the most appropriate statute of limitations to borrow for plaintiff's claims under the ADA, and that a three-year statute is not

contrary to federal law or policy. Therefore, plaintiff Emily Alexander's claims are timely.

### CONCLUSION

For the reasons set forth above, defendants' motion to dismiss the claims of plaintiff Emily Alexander is DENIED.

**IT IS SO ORDERED.**

---

**8.** The court in *McCullough* concluded that because plaintiffs must file EEOC claims for employment actions within 180 days, a 180– day statute of limitation borrowed from state law for a federal employment action was not contrary to federal law or policy.