Filed 11/10/22  Hoch v. Ahlin CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CORY HOCH,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>PAM AHLIN, as Director, etc. et al.,<br><br>Defendants and Respondents. | F082657<br><br>(Super. Ct. No. 16CECG04169)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Kristi Culver Kapetan, Judge.

Cory Hoch, in pro. per., for Plaintiff and Appellant.

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Gregory D. Brown and Lisa A. Tillman, Deputy Attorneys General, for Defendants and Respondents.

-ooOoo-

---

[*]     Before Franson, Acting P. J., Smith, J. and DeSantos, J.

In this appeal, appellant Cory Hoch challenges the trial court's decision to grant a motion for judgment on the pleadings brought on behalf of respondents Pam Ahlin and Audrey King, and to deny his request for the appointment of counsel. Following our review, we affirm both rulings by the trial court.

## PROCEDURAL SUMMARY

On December 7, 2016, appellant filed a petition for writ of mandate against respondents, alleging claims connected to the implementation of California Code of Regulations, title 9, section 891.[1] A generous reading of the petition reveals allegations supporting the following claims:

1.      Violations of the First and Fourteenth Amendment to the United States Constitution involving the rights of free speech, assembly, and association;

2.      Similar violations of the right to free speech, assembly, and association found in the California Constitution (Cal. Const., art. I, §§ 2–3);

3.      A violation of the Americans with Disabilities Act (ADA) (42 U.S.C. § 12101 et seq.);

4.      A violation of the Rehabilitation Act (29 U.S.C § 701 et seq.);

5.      A challenge that the state did not comply with the requirements of the Administrative Procedures Act when enacting California Code of Regulations, title 9, section 891;

6.      Failure to provide equipment needed to access the internet;

7.      Professional (medical) negligence (Code Civ. Proc., § 425.13);

---

[1]      This particular petition has a different trial court case number than the trial court case number listed for this case in the appeal. However, no other petition for writ of mandate exists in any of the records filed in this case with the correct case number. Because this petition was provided following a request to augment the record by appellant, who specifically references a December 7, 2016, petition, we accept this as the correct petition in this appeal.

2.

8. Violations of California Code of Regulations, title 22, sections 71501, 72527, and 73523 (involving patients in state psychiatric hospitals);

9. The discrimination between classes of mentally ill patients at the State Department of State Hospitals, under the Unruh Civil Rights Act (Civ. Code, § 51);

10. Elder abuse (Welf. & Inst. Code, § 15630);

11. Libel (Civ. Code, § 45); and

12. Declaratory relief on whether California Code of Regulations, title 9, section 891 was properly enacted.[2]

In addition to the various claims listed above, appellant sought damages for emotional distress and other harms. Appellant also sought injunctive relief, the appointment of counsel, and access to equipment allowing him to use the internet.[3]

Respondents filed a response to the first amended petition for writ of mandate on March 10, 2017, by filing an answer, with four affirmative defenses.[4] In April 2017, respondents filed a notice listing four separate pending cases they believed were relevant to the issues raised by appellant in his petition. While these cases were pending in both

---

[2] Appellant has not challenged the trial court's determination that while a declaratory relief action is not necessarily barred by the statute of limitations, this claim lacked merit as alleged. Because this portion of the ruling was not addressed by appellant in this appeal, we will not address it here.

[3] In this action, appellant did not seek the return of his laptop, just internet access with equipment to be provided by Coalinga State Hospital (CSH).

[4] The record provided does not explain when the petition was amended or whether the petition referenced in footnote 2 was the amended petition. When seeking review, an appellant is required to provide a record that adequately addresses the issues the court has been asked to review. (Cal. Rules of Court, rule 8.120; *Pool v. City of Oakland* (1986) 42 Cal.3d 1051, 1069 [It is appellant's burden to affirmatively demonstrate prejudicial error through an adequate record on appeal.].) The record must support any allegations of claimed error and must facilitate an appellate court's review of those claims. (*In re Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 498–499.)

federal and state courts, the trial court in this matter ordered appellant's case to be trailed until the federal case was resolved.[5]

This matter was revived in June 2020. In addition to a notice that they were requesting a change in counsel, respondents also provided an update on the status of the related cases. Respondents soon thereafter sought leave to amend their answer on June 29, 2020. This motion to amend was granted by the trial court in September 2020, resulting in the addition of two affirmative defenses. At that time, the trial court noted none of the related cases were still pending and set the case for a case management conference. In October 2020, appellant asked for counsel to be appointed to represent him in this matter.

Respondents filed a motion for judgment on the pleadings on January 19, 2021. Appellant did not oppose this motion in writing but did appear at the hearing on the motion via court call.[6] At the conclusion of the hearing, the trial court granted the judgment on the pleadings and denied appellant's request for the appointment of counsel. The tentative ruling became the final order of the trial court on March 18, 2021, and was attached to a notice of entry of judgment filed on March 22, 2021. Appellant filed a notice of appeal on April 1, 2021.

---

[5] One of the cases listed as pending before this court was *In re Robinson* (2017) 19 Cal.App.5th 247, that decided whether the appellant was entitled to the return of equipment that had been confiscated. Two other cases on the list were also appealed to this court but were dismissed before any resolution.

[6] Although issuing a tentative ruling on the motion for judgment on the pleadings, the trial court continued the hearing to allow appellant to appear before a final ruling was made.

## FACTUAL SUMMARY

Appellant is currently housed at CSH. Appellant was first sent to CSH between September 2006 and July 2008.[7] Appellant returned to CSH in September 2009.

Before filing this petition for writ of mandate, appellant initiated three separate lawsuits.[8] The first was filed in December 2010 in the United States District Court for the Eastern District of California and concerned a search of his room in CSH and the seizure of his laptop and a gaming system. This action was decided in an unpublished opinion in October 2015, granting summary judgment against appellant. (*Hoch v. Mayberg* (E.D.Cal. Oct. 28, 2015, 1:10-cv-02258 AWI DLB PC) 2015 U.S. Dist. Lexis 147067.) The second was filed in January 2013 in the Fresno County Superior Court seeking mandamus and declaratory relief against a CSH employee. The third action was also filed in the Fresno County Superior Court in November 2015 seeking mandamus against a different CSH employee.

## DISCUSSION

In this appeal, appellant has chosen not to challenge every ruling made by the trial court. Appellant only challenges the trial court's decision allowing respondents to amend their answer, the conclusion that the relevant statute of limitations barred his petition from proceeding, and the denial of his request for the appointment of counsel. For the reasons discussed below, we affirm the trial court's rulings on these issues, and address

---

**7** While respondents refer to appellant as a "sexually violent predator," appellant disputes this designation. Nothing has been placed in the record provided to this court verifying whether this designation was ever formally assigned to appellant. Appellant refers to his status as a "civil detainee."

**8** Respondents filed a request for judicial notice with this court of these three actions and provided copies of the initial pleadings filed by appellant in those cases. We grant the request for judicial notice for the limited purpose of acknowledging the existence of those cases.

other substantive defects in appellant's petition that would have prevented the matter from going forward.

## I.    Respondents' Motion to Amend the Answer Was Properly Granted

Appellant contends the failure to include an affirmative defense referencing the statute of limitations in the original answer resulted in a waiver of this defense to his petition.  Under Code of Civil Procedure section 473, subdivision (a), courts are given broad authority to amend any pleading if to do so would further the interests of justice.  A request to amend an answer to add an affirmative defense alleging an action is barred by a statute of limitations has been found to be within a trial court's discretion.  (*Vedder v. Superior Court In and For Lassen County* (1967) 254 Cal.App.2d 627, 629; Code Civ. Proc., §§ 473, 576.)  A request to add a statute of limitations defense is entitled to as much consideration as an amendment asserting any other claim or defense.  (*Vedder*, at p. 629.)  "The statute of limitations is not a disfavored defense."  (*Vedder*, at p. 629.)

Appellant's assertion that the case of *Quigley v. Garden Valley Fire Protection Dist.* (2019) 7 Cal.5th 798, supports his conclusion that the failure to raise the statute of limitations in the first version of respondents' answer requires this court to conclude the defense was waived is misplaced.  The *Quigley* case stood for the proposition that fundamental jurisdictional bars to litigation, such as the bar of governmental liability, could not be waived simply because there was a failure to raise that particular affirmative defense in the initial response to a complaint.  (*Id*. at pp. 806–807.)  While the case does note nonjurisdictional affirmative defenses "ordinarily" can be waived, the case did not say the failure to raise a defense would prevent a party from seeking an amendment to add such a defense.  (*Id*. at p. 807.)

We review a motion to amend a pleading for an abuse of discretion.  (*Tung v. Chicago Title* (2021) 63 Cal.App.5th 734, 747.)  "[T]he trial court has wide discretion in allowing the amendment of any pleading [citations], [and] as a matter of policy the ruling of the trial court in such matters will be upheld unless a manifest or gross abuse of

discretion is shown." (*Bedolla v. Logan & Frazer* (1975) 52 Cal.App.3d 118, 135.) We find no abuse of discretion here.

## II. The Judgment on the Pleadings

A ruling or decision will not be disturbed on appeal if it is ultimately correct under a theory of the law that applied when the ruling was made. (*People v. Brown* (2004) 33 Cal.4th 892, 901.) By simply focusing on the statute of limitations, appellant loses sight of other reasons why portions of his petition for writ of mandate could not proceed.

A motion for judgment on the pleadings may be made at any time before trial or even during the trial itself. (*Stoops v. Abbassi* (2002) 100 Cal.App.4th 644, 650.) The motion may be made on the grounds that the pleading fails to state facts sufficient to constitute a legally cognizable claim. (*Ibid.*) Our task on appeal is to determine whether the petition brought by appellant stated a cause of action. (*Ibid.*)

### A. Appellant Failed to Allege He Met the Requirements of the Government Claims Act

Under Government Code section 911.2, a cause of action alleging some form of personal injury brought against an entity of the state must first be presented "not later than six months after the accrual of the cause of action." Government Code section 945.4 further provides:

> "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required … until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board …."

The "failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1239.)

The standard of review for a ruling on a judgment on the pleadings is the same as that applied when considering the granting of a general demurrer. (*Mendoza v. Continental Sales Co.* (2006) 140 Cal.App.4th 1395, 1401.) Therefore, a plaintiff must

7.

allege facts demonstrating or excusing compliance with the claim presentation requirement or be subject to a general demurrer for failing to state facts sufficient to constitute a cause of action. (*State of California v. Superior Court*, *supra*, 32 Cal.4th at p. 1243.) " '[W]e are not bound by the determination of the trial court, but are required to render our independent judgment on whether a cause of action has been stated.' " (*Mendoza*, at p. 1401.) When conducting this analysis, we treat the properly pleaded allegations of the petition as true, and liberally construe the allegations with an intent to provide substantial justice. (*Ibid*.)

Excluding the federal claims brought under the United States Constitution, the federal Rehabilitation Act, and the ADA, all other claims raised by appellant involve state claims that first required compliance with Government Code section 945.4. There are no allegations in appellant's petition for writ of mandate stating he filed a claim with the relevant governmental agency prior to filing his petition in the trial court. In contrast, respondents presented a document showing that while appellant filed claims in a variety of other prior actions he brought against public entities, there was no record of a claim filed that was connected to this specific action.

Appellant did not dispute this fact, made no showing he could cure the defect, and made no request to amend his petition to correct this defect. (See *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1491.) For this reason alone, the trial court was justified in the decision to grant the judgment on the pleadings, at least with respect to the state claims.

**B.** **Appellant's Claims Were Also Barred by the Applicable Statute of Limitations**

The only claims that did not require the filing of a governmental claim were the federal claims.[9] Civil actions, without exception, can only be commenced within

_____

[9] While we ultimately conclude appellant's state law claims were barred due to the failure to comply with the Government Claims Act, we also agree with the trial court's

prescribed periods of time. (Code Civ. Proc., § 312.) Federal civil rights claims brought in California have been found to come within the two-year statute of limitations stated in Code of Civil Procedure section 335.1. (*Wallace v. Kato* (2007) 549 U.S. 384, 387.) While federal law does not provide a statute of limitations for claims under the ADA or the Rehabilitation Act, federal courts in California have applied section 335.1 to these claims as well. (See *Sharkey v. O'Neal* (9th Cir. 2015) 778 F.3d 767, 770; see also *Kramer v. Regents of the Univ. of Cal.* (N.D. Cal. 1999) 81 F.Supp.2d 972, 973.)

While we recognize that under Code of Civil Procedure section 352.1, individuals "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life," at the time the action accrued, "that disability is not a part of the time limited for the commencement of the action, not to exceed two years," we also note that section 352.1 does not apply to individuals who are civil detainees, or who pursue claims based on "conditions of confinement, including an action brought … pursuant to Section 1983 of Title 42 of the United States Code." (§ 352.1, subds. (a), (c); see also *Jones v. Blanas* (9th Cir. 2004) 393 F.3d 918, 927–928.) We, therefore, do not believe this provision is available to appellant to extend his statute of limitations beyond the two-year period stated in Code of Civil Procedure section 335.1.

> **1.    The Petition Fails to Allege Facts Supporting an Extension of the Statute of Limitations**

Appellant's claims are mostly connected to the denial of internet access. California Code of Regulations, title 9, section 891, was enacted in 2002. Even if we conclude appellant was denied the opportunity to challenge his right to access the internet in 2009, when he returned to CSH, the filing of his petition in 2016 came approximately seven years later.

---

conclusion that appellant's state claims were also barred by the applicable statute of limitations.

Generally, the limitations period "runs from the moment a claim accrues." (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1191.)  California follows the " 'last element' " accrual rule, which holds that the statute of limitations runs from " 'the occurrence of the last element essential to a cause of action.' " (*Ibid.*)  The general rules governing statutes of limitations are subject to a handful of modifications and equitable exceptions that alter the initial accrual of a cause of action, the subsequent running of the limitations period, or both.  (*Id.* at p. 1192.)  These exceptions and modifications include theories advanced by appellant such as the "discovery rule," continuing violations, and equitable tolling.  (*Ibid.*)

The first theory appellant asserts is the "discovery rule," which postpones the accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action.  (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 807.)  To avoid an action from accruing at this time, a plaintiff would have to plead and prove a reasonable investigation would not have uncovered a factual basis for the cause of action when the action first accrued.  (*Id.* at p. 803.)  A plaintiff claiming delayed discovery has the burden of pleading facts showing " '(1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.' " (*E-Fab, Inc. v. Accountants, Inc. Services* (2007) 153 Cal.App.4th 1308, 1324.)  The burden is on the plaintiff to show diligence and conclusory allegations will not, therefore, withstand a motion for judgment on the pleadings.  (*Ibid.*)

Appellant has not alleged sufficient facts explaining the delay.  Appellant relies on allegations he only became aware of the restrictions to internet access when California Code of Regulations, title 9, section 4350 was amended in 2015 resulting in policy changes at CSH requiring the confiscation of items that could connect him to the internet.  However, this allegation is not accurate because although section 4350 was added to title 9 in 2009 as an emergency regulation, it was not amended until sometime in 2018.  (Cal. Code Regs., tit. 9, § 4350, Register 2009, No. 44 (Oct. 26, 2009) & Register 2018,

No. 2 (Jan. 12, 2018.) Appellant filed his lawsuit in 2016, before the regulation was amended. The petition lacks allegations supporting the availability of the delayed discovery.

The second theory appellant relies upon involves a "continuing violation." Under this theory, which often appears in the employment context, there is usually a continuing course of conduct, such as conduct that creates a hostile environment or the continuous failure to accommodate a disability. (*Richards v. CH2M Hill, Inc.* (2001) 26 Cal.4th 798, 823.) The claim of harm is based on a continuing series of events, not a single event. (*Id*. at p. 824.) In fact, the continuing violation doctrine is available in only limited circumstances in federal courts, such as in hostile environment cases. (See *Bird v. Dep't of Human Servs.* (9th Cir. 2019) 935 F.3d 738, 748.)

Once again, appellant contends that "each time that there is an amendment to 9 CCR § 4350, there is a new wrong attached to 9 CCR § 891." There was no amendment to California Code of Regulations, title 9, section 4350 until 2018, after appellant already filed his petition in this case. The allegations as stated in appellant's petition fail to support a continuing violation justifying the extension of the statute of limitations.

Finally, appellant believes he should benefit from "equitable tolling." Under this theory, a statute of limitations is tolled to prevent the unjust and technical forfeiture of the right to a trial on the merits when the defendant already has notice. (*Bjorndal v. Superior Court* (2012) 211 Cal.App.4th 1100, 1106–1107.) This often arises when a plaintiff is pursuing an administrative claim before an action in the trial court can be filed. There were no allegations in the petition supporting the conclusion appellant was prevented from filing his petition within the periods specified in the relevant statute of limitations. Furthermore, we know appellant initiated at least three other unrelated actions in two different courts, one of which involved the confiscation of his laptop gaming system

11.

in 2010. The allegations in the petition fail to support the availability of equitable tolling between 2009 and 2016 when he filed the petition in this case.

Our independent review of this issue leads us to conclude the trial court's ruling appellant's petition was barred by applicable statutes of limitations was correct.

## III. The Trial Court Did Not Abuse Its Discretion When It Refused to Appoint Counsel to Represent Appellant

Appellant contends his constitutional rights were violated when the trial court denied his request for the appointment of counsel. This court in *Smith v. Ogbuehi* (2019) 38 Cal.App.5th 453, provided an overview of the constitutional and statutory right of access to the courts and the resulting need for the appointment of counsel for indigent prisoners in civil cases.[10] (*Id.* at pp. 465–469.) We joined *Apollo v. Gyaami* (2008) 167 Cal.App.4th 1468 and *Wantuch v. Davis* (1995) 32 Cal.App.4th 786 in concluding that a plaintiff who is an indigent prisoner may not be deprived of meaningful access to civil courts when " 'a party to a bona fide civil action threatening his or her personal or property interests.' " (*Ogbuehi*, at p. 465, quoting *Apollo*, at p. 1483.) Addressing how to consider the right to access in the civil courts, this court stated:

> "The exercise of a trial court's discretion is guided by a three-step inquiry established in published appellate decisions. [Citations.] First, the trial court determines whether the prisoner is indigent. Second, the court determines whether the lawsuit involves a bona fide threat to the inmate's personal or property interests. If both conditions are satisfied, the trial court must consider the measures available to protect appellant's right of meaningful access to the courts, including the appointment of counsel. Where the indigent prisoner's civil action is bona fide and his or her access to the court is being impeded, a trial court must provide a remedy; it may not choose to do nothing." (*Smith v. Ogbuehi*, *supra*, 38 Cal.App.5th at p. 458.)

---

[10] We recognize appellant is a civil detainee rather than a prisoner. However, we believe the standard set out in *Ogbuehi* applies here. We also note appellant relied favorably on the *Ogbuehi* case in his reply brief.

12.

Following our application of this three-step inquiry, we conclude the trial court did not abuse its discretion. Specifically, because this three-step inquiry applies to appellant's motion for the appointment of counsel, we must consider whether the trial court abused its discretionary authority when it concluded the motion was moot because appellant's claims were barred or had no merit. We interpret the trial court's decision that the claims were barred or lacked merit as the equivalent of deciding appellant's civil action was not "bona fide" for purposes of the three-step inquiry.

Because we have determined that the trial court was correct in granting the motion for judgment on the pleadings, it logically follows that the causes of action alleged lacked merit and were not bona fide. In other words, the defects in appellant's pleadings are not the sort that could be cured by the appointment of counsel. The statute of limitations has run and the time for presenting a claim under the Government Claims Act has expired. An appointed attorney would not be able to change those facts.

The trial court did not abuse its discretion when denying appellant's request for the appointment of counsel.

## DISPOSITION

The judgment is affirmed. The parties shall bear their own costs.