Michael E. EJIKEME, Plaintiff—
Appellant,

v.

Chris REDDINGTON, Defendant—
Appellee.

No. 00–56782.

D.C. No. CV–99–04090–WJR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2002.

Decided March 7, 2002.

Before BEEZER, TASHIMA and
GRABER, Circuit Judges.

MEMORANDUM *

Michael E. Ejikeme ("Ejikeme") appeals a summary judgment in favor of defendant Sergeant Chris Reddington ("Sgt.Reddington") on a 42 U.S.C. § 1983 claim arising from an arrest made on August 30, 1996. The district court held that the claim is time-barred and that Sgt. Reddington is entitled to qualified immunity. We have jurisdiction pursuant to 28 U.S.C. § 1291. We agree that the claim is time-barred and affirm the district court on that basis.

We review the district court's grant of summary judgment de novo. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). We determine, viewing the evidence in the light most favorable to Ejikeme, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See id.*

Section 1983 itself does not contain a statute of limitations. The Supreme Court holds that all § 1983 claims are subject to the forum state's statute of limitations for tort actions for the recovery of damages for personal injuries. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). A one-year statute of limitations applies to all § 1983 claims brought in California. *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1135 (9th Cir.2001) (en banc).

Ejikeme's § 1983 claim accrued when he knew or should have known of the injury which forms the basis for the claim. *See*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Fink v. Shedler,* 192 F.3d 911, 914 (9th Cir.1999). Ejikeme's asserted injury arises from a warrantless arrest that was procured by luring Ejikeme out of his residence. Ejikeme's supervisor made the telephone call that induced Ejikeme to return to the store. The § 1983 claim accrued when Ejikeme knew or should have known that the police were involved in that telephone call.

The circumstances leading up to the arrest and information in the police report illuminate the police involvement in the telephone call luring Ejikeme out of his residence. Ejikeme was aware before returning to the store that his supervisors had involved the police in their work dispute. He was immediately confronted and arrested by the police upon returning to the store. Additionally, the police report states explicitly that Mori made the telephone call so that Deputy Obenberger could arrest Ejikeme. Ejikeme should have known from these facts that Mori's telephone call was intended to facilitate an arrest at the store and that the police were involved in the so-called ruse.

Ejikeme had knowledge of the events leading up to the arrest on the day of the arrest. Ejikeme learned of Deputy Obenberger's statement in the police report regarding Mori's telephone call when he obtained the police report prior to filing his state lawsuit against Best Buy. The state lawsuit was filed on April 24, 1997. Ejikeme thus had knowledge of the essential facts of the injury giving rise to his § 1983 claim no later than April 24, 1997. The § 1983 claim accrued, at the latest, on that date. Ejikeme did not file his § 1983 claim, however, until April 19, 1999, well over one year after the latest possible date

* This panel unanimously finds this case suitable for decision without oral argument. See

that the claim accrued. The § 1983 claim is time-barred.

The district court properly granted summary judgment in favor of Sgt. Reddington on the basis that the § 1983 claim is time-barred. We need not reach the district court's alternative holding that Sgt. Reddington is entitled to qualified immunity.

**AFFIRMED.**