**Jose F. REUTER, Plaintiff—Appellant,**

v.

**SANTA CLARA COUNTY; et al., Defendants—Appellees.**

No. 01–16651.

D.C. No. CV–00–21061–RMW.

United States Court of Appeals, Ninth Circuit.

---

Submitted May 13, 2002 *.

Decided May 28, 2002.

Before FERNANDEZ, WARDLAW and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Jose F. Reuter appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging that various county and city officials violated his rights while conducting a child welfare investigation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the dismissal of a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6), *see Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir.1996), and we affirm.

The district court properly dismissed Reuter's section 1983 claim as barred by California's one-year statute of limitations because Reuter filed his action more than a year after the allegedly improper child welfare investigation. *See Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1135 (9th Cir.2001) (en banc).

Reuter's argument that the statute of limitations was tolled under California Government Code Section 945.3 is unavailing because he raises it for the first time on appeal. *See Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1108 (9th Cir.2001).

The district court properly dismissed Reuter's claim that the juvenile court and the California Court of Appeals improperly denied him custody of his grandniece because the district court lacked subject matter jurisdiction to consider the claim under the *Rooker–Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486–87, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) (which provides that state judgments cannot be collaterally attacked in federal court and a federal court must therefore decline jurisdiction whenever it is "in essence being called upon to review the state court decision.").

The district court properly dismissed Reuter's claims against a deputy district attorney and a superior court judge because they are absolutely immune from suit for acts performed in their prosecutorial and judicial roles. *See Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (prosecutorial immunity); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir.2001) (judicial immunity).

To the extent Reuter asserts that the district court judge was biased, the assertion is without merit because it appears to be based solely on Reuter's disagreement with the district court's decision. *See Liteky v. United States*, 510 U.S. 540, 554–55, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.