Gregory **GERACI** and Beverly Geraci, husband and wife on behalf of themselves and of all others similarly situated, Plaintiffs–Appellants,

v.

**HOMESTREET BANK**, Defendant–Appellee.

No. 02–35426.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2003.*

Filed Oct. 20, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.Civ.P. 34(a)(2).

Hart L. Robinovitch, Zimmerman Reed, P.L.L.P., Scottsdale, AZ, for the plaintiffs-appellants.

Michael J. Agoglia, Morrison & Foerster L.L.P., San Francisco, CA, for the defendant-appellee.

Before: HAWKINS and BERZON, Circuit Judges, and QUACKENBUSH, Senior District Judge.**

Opinion by Senior District Judge QUACKENBUSH; Concurrence by Judge BERZON.

QUACKENBUSH, Senior District Judge:

This is another action in a series of claims by parties who have obtained mortgage loans contending that the origination fee they paid their mortgage broker, in this case, Windermere Mortgage (Windermere), and the yield spread premium (YSP) paid by the mortgage lender, in this case the Defendant Homestreet Bank (Homestreet), to Windermere, exceeded a statutory 1% cap on fees paid by the borrowers. *See Lane v. Residential Funding Corp.*, 323 F.3d 739 (9th Cir.2003); *Bjustrom v. Trust One Mortgage Corp.*, 322 F.3d 1201 (9th Cir.2003); *Schuetz v. Banc One Mortgage Corp.*, 292 F.3d 1004 (9th Cir.2002), *cert. denied*, 537 U.S. 1171, 123 S.Ct. 994, 154 L.Ed.2d 913 (2003).

The Plaintiffs Gregory and Beverly Geraci contend the YSP, added to the origination fee, exceeded the 1% cap on Veteran Administration (VA) fees. The Plaintiffs also contend that the YSP paid by Homestreet to Windermere was "excessive," although the Plaintiffs' First Amended Complaint does not specifically allege that the

Homestreet payment to Windermere constituted an illegal "kickback" or referral fee in violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607 (RESPA). Lastly, the Plaintiffs included a state law claim for unjust enrichment based upon the foregoing federal claims.

The district court, in *Geraci v. Homestreet Bank*, 203 F.Supp.2d 1211 (W.D.Wash.2002), granted the Defendant's Motion for Judgment On The Pleadings contained in the Plaintiffs' First Amended Complaint, dismissing the 1% cap breach of contract claim with prejudice and the RESPA and unjust enrichment claims without prejudice, and subsequently entered a final Judgment to that effect. The court did not grant leave to amend the First Amended Complaint. The Plaintiffs elected to stand on their pleadings and did not file or seek leave to file a Second Amended Complaint. One week later the Plaintiffs filed a Notice of Appeal.

The Notice of Appeal was properly filed, as the Order of Dismissal was final and appealable. *See McGuckin v. Smith*, 974 F.2d 1050, 1053 (9th Cir.1992)(holding that where a "plaintiff cannot cure the defect that led to dismissal or elects to stand on [a] dismissed complaint ... the order of dismissal is final and appealable." (citation omitted)) *partially overruled on other grounds by WMX Techs. Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.1997) (holding that "a plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint.").

The district court had original jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C.

---

** The Honorable Justin L. Quackenbush, Senior District Judge for the Eastern District of Washington, sitting by designation.

§ 1291 and review the dismissal *de novo.* We affirm the district court's Judgment.

### Breach of Contract Claim

The Plaintiffs contend that the YSP paid by Homestreet to Windermere violated the 1% cap on VA borrower-paid fees. This claim is foreclosed as a matter of law by our opinions in *Lane; Bjustrom;* and *Schuetz.* The district court did not err in dismissing this claim with prejudice.

### RESPA and Unjust Enrichment Claims

The district court dismissed the Plaintiffs' RESPA claim and unjust enrichment claim based on the alleged violation of RESPA for failure to state facts that establish a claim upon which relief could be granted. The unjust enrichment claim was solely based on the 1% cap contract and RESPA claims.

▆▆▆ "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). All material allegations in a complaint must be taken as true and viewed in the light most favorable to the plaintiff. *Daviton v. Columbia/HCA Healthcare Corp.,* 241 F.3d 1131, 1133 n. 1 (9th Cir.2001) (*en banc*). A motion for judgment on the pleadings should be granted where it appears the moving party is entitled to judgment as a matter of law. *Fajardo v. County of L.A.,* 179 F.3d 698, 699 (9th Cir.1999).

Section 8(a) of RESPA proscribes giving or accepting "any fee, kickback, or thing of value pursuant to any agreement or understanding ... incident to or a part of a real estate settlement service ... referred by any person." 12 U.S.C. § 2607(a). Section 8(b) similarly prohibits the payment of any percentage or division of a charge except for services actually rendered. *Id.* § 2607(b). However, Section 8(c) provides a safe harbor stating that "[n]othing in this section shall be construed as prohibiting ... (2) the payment to any person of a bona fide salary or compensation or other payment for goods or facilities actually furnished or for services actually performed ..." *Id.* § 2607(c)(2).

Although the language of RESPA does not directly address whether the payment of a YSP is a violation of Section 8(a) or 8(b) of RESPA, HUD's Statements of Policy, *Lender Payments to Mortgage Brokers,* 64 Fed.Reg. 10080 (Dep't of Housing & Urban Dev., March 1, 1999), indicates unequivocally that HUD does not consider YSPs to be per se legal or illegal. The policy sets forth a two-part test to determine whether a YSP is reasonable or unreasonable under Section 8(a) and 8(b) of RESPA. Under this test, a court is to consider: (1) "whether goods or facilities were actually furnished or services were actually performed for the compensation paid" and if so, (2) "whether the payments are reasonably related to the value of the goods or facilities that were actually furnished or services that were actually performed." *Id.* HUD considers the reasonableness prong of the test to be "determinative." *Id.* This test has been adopted by the majority of courts in applying Section 8 to YSPs, including this court. See *Lane; Bjustrom;* and *Schuetz, supra.*

▆▆ The Geraci Plaintiffs made it clear they were relying on their arguments, without any specific supporting factual allegations, that any YSP paid in excess of the 1% cap was per se unreasonable and that no deference should be given to the Housing and Urban Development (HUD) policy statements as to how to determine

RESPA liability. Therefore, it is clear from the record in this case that the Plaintiffs chose to stand on their First Amended Complaint, and that the district court intended its judgment in this case to end the litigation and did not intend for the Plaintiffs to again amend their pleadings prior to dismissal. However, the dismissal without prejudice did not preclude the Plaintiffs from initiating further action if the facts supported their claims. The district court dismissed the Geracis' RESPA claim and unjust enrichment claim based on the RESPA theory and 1% cap contract claim on the pleadings. If the Plaintiffs intended to claim the YSP was, in fact, unreasonable under the HUD test, they did not do so. It is clear that the Plaintiffs decided to stand on their First Amended Complaint and the arguments therein that neither had a basis in law nor were supported by factual allegations. They did not seek to file a Second Amended Complaint to satisfy the two-step HUD test to determine liability under RESPA. The district court was therefore convinced the Plaintiffs could not state facts to establish a violation of RESPA and dismissed the Plaintiffs' claims to end the litigation in that court.

As the court noted in *WMX Techs.*, 104 F.3d at 1136:

> We are sometimes faced with construction difficulties when a complaint is simply dismissed without prejudice.... It would always be helpful if district courts made their intentions in that regard both plain and explicit.

Here, the district court did not explicitly state that the Plaintiffs could not file a Second Amended Complaint, but the record is clear that there was no further amendment contemplated when the final Judgment was entered. It was plain to the district court, as it is here, that the Plaintiffs intended to rely on the factually unsupported theories in their First Amended Complaint.

Even taking all material allegations of the First Amended Complaint as true and viewed in the light most favorable to the Plaintiffs, the Defendant was entitled to judgment as a matter of law.

AFFIRMED.

BERZON, Circuit Judge, concurring:

As I said in concurrence in *Bjustrom v. Trust One Mortgage Corp.*, 322 F.3d 1201 (9th Cir.2003), in my view, "Yield spread premiums and similar devices violate the anti-kickback provisions of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et seq.*, because they are payments from the lender to the broker and base the amount of the payment solely on the value of the loan to the lender." *Id.* at 1209; *see also Schuetz v. Banc One Mortgage Corp.*, 292 F.3d 1004 (9th Cir. 2002) (Kleinfeld, J., dissenting). As the issue has been decided in this circuit, however, for good or ill, I concur in the opinion.