NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AARON JAMES PIERCE, | No. 09-17015 |
| Plaintiff - Appellant, | D.C. No. 5:03-cv-04934-JF |
| v. | |
| JEANNIE S. WOODFORD; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

California state prisoner Aaron James Pierce appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging that defendants were

deliberately indifferent to his medical needs in violation of the Eighth Amendment.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

court's dismissal under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and its grant of summary judgment, *EEOC v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742, 746 (9th Cir. 2003).  We affirm.

The district court properly dismissed Pierce's claims against Woodford and Hamlet pursuant to 28 U.S.C. § 1915A because Pierce failed to allege that they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

The district court properly dismissed Pierce's claims against Galgano because Pierce did not allege that as a parole officer, Galgano had a legal duty to obtain medical treatment for an inmate.  *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

The district court properly granted summary judgment to Grewel and Luca because the statute of limitations had expired.  *See Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004) (two-year statute of limitations applies to § 1983 suits in California).  Moreover, equitable tolling did not apply because Grewel and Luca did not receive timely notice.  *See Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137-38 (9th Cir. 2001) (en banc) (listing elements of equitable tolling).

The district court did not abuse its discretion in dismissing Pierce's claims against Robertson and Sinna for failure to serve within 120 days under Fed. R. Civ. P. 4(m) because Pierce failed to provide the necessary information to help effectuate service. *See Puett v. Blandford*, 912 F.2d 270, 273-75 (9th Cir. 1990) (setting forth standard of review).

We decline to address issues raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

We deny Pierce's requests for documents.

**AFFIRMED.**