**Sourav Sam BHATTACHARYA,**
**Plaintiff–Appellant,**

v.

**ARIZONA STATE UNIVERSITY,**
**a public university; et al.,**
**Defendants–Appellees.**

No. 14–17167.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 9, 2015.*

Filed Dec. 17, 2015.

Sourav Sam Bhattacharya, Fountain Hills, AZ, pro se.

Michael Goodwin, Arizona Attorney General's Office, Phoenix, AZ, for Defendants–Appellees.

Before: WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

* *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Sourav Sam Bhattacharya appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims relating to an alleged agreement between Arizona State University ("ASU") and the Department of Justice. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed.R.Civ.P. 12(b)(6) and on the basis of a statute of limitations. *Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969, 973 (9th Cir.2004). We may affirm on any basis supported by the record. *Hartmann v. Cal. Dep't of Corr. & Rehab.,* 707 F.3d 1114, 1121 (9th Cir.2013). We affirm.

The district court properly dismissed Bhattacharya's Due Process Clause and Takings Clause claims because Bhattacharya failed to allege facts sufficient to state a plausible claim. *See Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 569–70, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (a due process claim is triggered only upon a deprivation of life, liberty or property); *Ward v. Ryan,* 623 F.3d 807, 810 (9th Cir.2010) ("To establish a violation of the Takings Clause, [a plaintiff] must first demonstrate he has a property interest that is constitutionally protected."); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Hebbe v. Pliler,* 627 F.3d 338, 341–42 (9th Cir.2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court properly dismissed Bhattacharya's breach of contract claim because Bhattacharya failed to allege plausible facts sufficient to show that he was a third party beneficiary to an agreement between ASU and the Department of Justice. *See Sherman v. First Am. Title Ins. Co.,* 201 Ariz. 564, 38 P.3d 1229, 1232 (Ct.App.2002) (requirements for a person to recover as a third party beneficiary of a contract); *see also Ashcroft,* 556 U.S. at 678, 129 S.Ct. 1937; *Cholla Ready Mix, Inc.,* 382 F.3d at 973 (conclusory allegations, unwarranted deductions, and unreasonable inferences need not be accepted as true). We reject Bhattacharya's contention that federal common law applies to this claim.

Dismissal of Bhattacharya's Title VI discrimination claim was proper because Bhattacharya failed to allege plausible facts sufficient to show that the Arizona Board of Regents discriminated against Bhattacharya on the basis of his national origin. *See Fobbs v. Holy Cross Health Sys. Corp.,* 29 F.3d 1439, 1447 (9th Cir. 1994) (setting forth requirements for stating a Title VI discrimination claim), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.,* 241 F.3d 1131 (9th Cir.2001) (en banc); *see also Ashcroft,* 556 U.S. at 678, 129 S.Ct. 1937; *Hebbe,* 627 F.3d at 341–42. The district court did not abuse its discretion by dismissing this claim without leave to amend because Bhattacharya already had a chance to amend and he did not allege plausible facts sufficient to show that he could save this claim. *See Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1041 (9th Cir.2011) (setting forth standard of review and explaining that "a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile").

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court properly dismissed Bhattacharya's defamation claim as barred by the applicable statute of limitations because Bhattacharya filed his action more than one year after his claim accrued. *See* Ariz.Rev.Stat. § 12–821 (all actions against public entities and public employees must be brought within one year). We reject Bhattacharya's contention that he is entitled to any tolling of the statute of limitations.

The district court lacked jurisdiction to consider Bhattacharya's motion for reconsideration because Bhattacharya's filing of his notice of appeal divested the district court of jurisdiction. *See Gould v. Mut. Life Ins. Co. of N.Y.,* 790 F.2d 769, 772–73 (9th Cir.1986) (explaining procedure for filing a motion for reconsideration after an appeal has been taken).

**AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.