NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OMAR MAHMOUD ELSOUDY, | No. 22-15777 |
| Plaintiff-Appellant, | D.C. No. 4:21-cv-00508-RCC |
| v. | |
| UNIVERSITY OF ARIZONA, in its official capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted May 16, 2023[**]

Before:     BENNETT, MILLER, and VANDYKE, Circuit Judges.

Omar Mahmoud Elsoudy appeals pro se from the district court's judgment

dismissing his action alleging federal discrimination and retaliation claims,

violations of the Administrative Procedure Act ("APA"), and state law claims.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Wilhelm v.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Elsoudy's APA claim because Elsoudy failed to identify a final agency action. *See Bennett v. Spear*, 520 U.S. 154, 178 (1997) (for an agency action to be final, it "must mark the consummation of the agency's decision-making process" and "must be one by which rights or obligations have been determined, or from which legal consequences will flow" (internal quotation marks omitted)); *Rattlesnake Coal. v. EPA*, 509 F.3d 1095, 1104 (9th Cir. 2007) (federal courts lack subject matter jurisdiction to hear an APA claim if there is no final agency action).

The district court properly dismissed Elsoudy's remaining claims because Elsoudy failed to allege facts sufficient to state any plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (holding that although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (setting forth pleading requirements for a 42 U.S.C. § 1983 claim for a violation of the Equal Protection Clause of the Fourteenth Amendment); *Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1997) (setting forth the elements for a claim of intentional infliction of emotional

distress under Arizona law); *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994) (setting forth pleading requirements for a Title VI discrimination claim), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001) (en banc); *McMurtry v. Weatherford Hotel, Inc.*, 293 P.3d 520, 528 (Ariz. Ct. App. 2013) (setting forth elements for a claim of negligence under Arizona law).

Elsoudy's motion for injunctive relief (Docket Entry No. 5) is denied.

**AFFIRMED.**