**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JERRY ALEXANDER MENCHU, | No. 24-5902 |
| Plaintiff - Appellant, | D.C. No. 3:20-cv-00559-AR |
| v. | MEMORANDUM* |
| MULTNOMAH COUNTY HEALTH DEPARTMENT, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Amy M. Baggio, District Judge, Presiding

Submitted April 22, 2026**

Before:     LEE, DESAI, and JOHNSTONE, Circuit Judges.

Jerry Alexander Menchu appeals pro se from the district court's summary

judgment in his employment action alleging violations of Title VI, Title VII, 42

U.S.C. § 1981, and Oregon state law.  We have jurisdiction under 28 U.S.C.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010). We affirm.

The district court properly granted summary judgment on Menchu's discrimination claims under Title VII, 42 U.S.C. § 1981, and state law, because Menchu failed to raise a genuine dispute of material fact as to whether defendant took any adverse employment action against him because of his race or national origin, rather than because of its nondiscriminatory reasons. *See Dawson v. Entek Int'l*, 630 F.3d 928, 934-35 (9th Cir. 2011) (setting forth burden shifting framework for discrimination claims under Title VII and Oregon state law); *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1105 (9th Cir. 2008) (explaining that the same framework applies to 42 U.S.C. § 1981 claims).

The district court properly granted summary judgment on Menchu's retaliation claims under Title VII, 42 U.S.C. § 1981, and state law, because Menchu failed to raise a genuine dispute of material fact as to whether defendant took any adverse employment action because of retaliation, rather than because of its nondiscriminatory reasons. *See Dawson*, 630 F.3d at 936 (setting forth burden shifting framework for retaliation claims under Title VII and Oregon state law); *Surrell*, 518 F.3d at 1107-08 (explaining that the same standard applies to 42 U.S.C. § 1981 claims).

24-5902

The district court properly granted summary judgment on Menchu's Title VI claim because Menchu failed to raise a genuine dispute of material fact as to whether defendant discriminated against him, and because Menchu may not bring a claim on behalf of patients in defendant's clinics. *See Rashdan v. Geissberger*, 764 F.3d 1179, 1181 (9th Cir. 2014) (explaining that the same legal framework applies to Title VI and Title VII disparate treatment claims); *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447-48 (9th Cir. 1994) (concluding that the plaintiff could not bring a Title VI claim on behalf of third parties), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001).

The district court properly declined to consider Menchu's 42 U.S.C. § 1985(2) claim because this claim was raised for the first time in his opposition to summary judgment. *See Echlin v. PeaceHealth*, 887 F.3d 967, 977-78 (9th Cir. 2018) (explaining that a plaintiff cannot add new claims at the summary judgment stage without seeking leave to amend).

Menchu's motion (Docket Entry No. 32) for injunctive relief pending appeal is denied.

**AFFIRMED.**