Teddy TENE, Plaintiff—Appellant,

v.

CITY AND COUNTY OF SAN FRAN-CISCO, a municipality; San Francis-co Police Department; San Francisco Sheriff's Department; Linda Connelly & Associates, Inc., Defendants—Appellees.

No. 01–16972.

D.C. No. CV 00–3868 WHA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2002.

Decided June 16, 2003.

Before FERGUSON, BRUNETTI, and TASHIMA, Circuit Judges.

MEMORANDUM *

Teddy Tene ("Tene") appeals the District Court's grant of judgment on the pleadings in favor of defendants the City and County of San Francisco, San Francisco Police Department, San Francisco Sheriff's Department, and Linda Connelly & Associates. The District Court held that Tene's 42 U.S.C. § 1983 claim for alleged Fourteenth Amendment due process violations was time-barred by California's one-year statute of limitations. Tene contends that the district court erred because the statute of limitations should have been equitably tolled by his timely filed administrative claims against the City and County of San Francisco. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we reverse and remand.

Federal courts borrow the statute of limitations for § 1983 actions from the state in which the court having jurisdiction is located. *See Wilson v. Garcia,* 471 U.S. 261, 267, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In California, we apply the one-year statute of limitations for personal injury actions to § 1983 claims. *Cervantes v. City of San Diego,* 5 F.3d 1273, 1275 (9th Cir.1993). We also utilize state equitable tolling rules when applicable. *See*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

*Hardin v. Straub,* 490 U.S. 536, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989).

For equitable tolling to apply based on Tene's previously-filed administrative claim, California law requires that a "definitive three-pronged test" be met. *Cervantes,* 5 F.3d at 1275. To satisfy the test, plaintiff must: (1) provide timely notice to the defendants by means of the filing of the first claim; (2) demonstrate a lack of prejudice to the defendants in gathering evidence for the second claim; and (3) evince good faith and reasonable conduct in filing the second claim. *Daviton v. Columbia/HCA Healthcare Corp.,* 241 F.3d 1131, 1137–38 (9th Cir.2001) (*en banc*). Without making the three-part inquiry we approved in *Daviton,* the district court held that "Plaintiff's administrative claim is therefore of no aid to him with respect to alleged equitable tolling, because it concerned wrongs other than the one he now seeks to address." But this is precisely the type of "threshold" inquiry we disapproved of when we "reject[ed] *Fobbs' [v. Holy Cross Health Sys. Corp.,* 29 F.3d 1439 (9th Cir.1994)] suggestion to the contrary." *Daviton,* 241 F.3d at 1141. *See also Cervantes,* 5 F.3d at 1275–76 (holding that it was error to dismiss after a "threshold inquiry" that equitable tolling did not apply as a matter of law because the prior administrative and state court proceedings "were not 'substantially similar' to this action").

Tene's administrative claim identified the following wrong:

Claimant was wrongfully indicted for fraud without any reasonable basis for the same and was done maliciously. All charges against claimant were dismissed on 6–24–99. Claimants (sic) civil rights were also violated in that claimant was incarcerated and/or in custody for a period of approximately 21 months without any probable cause and without any due process.

Tene's first amended complaint in his federal lawsuit pleads the following. violation of his federal due process rights:

By forcibly removing plaintiff from society without any procedural protection whatsoever and by keeping plaintiff under home arrest for 21 months with the restrictions imposed upon him, defendants deprived plaintiff of his liberty without due process of law in violation of the First and Fourteenth Amendments to the United States Constitution and the equal protection of the laws in violation of the Fourteenth Amendment.

We conclude that these allegations are more than sufficient to survive a Rule 12(c) motion.[1] As we noted in *Daviton,* "the analysis of California's equitable tolling doctrine, particularly on the issue of prejudice to defendants, generally required consideration of matters outside the pleadings. As a result, only in the rare case could the inquiry proceed at the pleading stage." *Id.* at 1140. We thus conclude that the district court erred in dismissing Tene's case at the pleading stage on statute-of-limitation grounds without making the three-pronged, fact-intensive inquiry mandated by *Daviton.*

Accordingly, the judgment of the district court is REVERSED and the case is RE-

---

1. Although Tene's first amended complaint mentions the First Amendment and equal protection, he does not pursue dismissal of those claims on appeal. The only federal cause of action Tene identifies on appeal is that "[s]pecifically, defendants violated plaintiff's rights under the due process clause of the Fourteenth Amendment of the United States Constitution." We thus deem that he has abandoned any contention that the district court erred in dismissing his First Amendment and equal protection "claims."

MANDED for further proceedings consistent with this disposition.