NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OMARI TAHIR, AKA James C. Garrett, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MARGARET DELANY, individually and in her official capacity as Managing Director of Midtown Center, LLC.; MIDTOWN CENTER LLC, <br><br> Defendants-Appellees. | No. 17-35718 <br><br> D.C. No. 2:15-cv-02017-JCC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted August 15, 2018[**]

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Omari Tahir, AKA James C. Garrett, appeals pro se from the district court's

summary judgment and dismissal order in his action alleging race discrimination

under Title VI of the Civil Rights Act of 1964 ("Title VI").  We have jurisdiction

---

        [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo. *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 989-90 (9th Cir. 2016) (en banc) (summary judgment); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011) (dismissal under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly granted summary judgment on Tahir's Title VI claim because Tahir failed to raise a genuine dispute of material fact as to whether defendants were receiving federal financial assistance at the time the alleged discrimination occurred. *See* 42 U.S.C. § 2000d (prohibiting race, color, or national origin discrimination "under any program or activity receiving Federal financial assistance"); *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994) (setting forth pleading requirements for a Title VI claim), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001) (en banc).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Tahir's state law claims after dismissing his federal claims. *See* 28 U.S.C. § 1367(c)(3); *Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004) (standard of review).

The district court did not abuse its discretion in granting defendants' motion for reconsideration of the order denying defendants' motion to expunge Tahir's lis pendens because the remaining claims did not affect title to the real property in this

action.  *See* Wash. Rev. Code § 4.28.325; *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

We lack jurisdiction to review the district court's remand order.  *See* 28 U.S.C. § 1447(d) (an order remanding a case to the state court from which it was removed under 28 U.S.C. § 1441 is not reviewable on appeal).

We reject as without merit Tahir's contentions that the district court applied the wrong standards on summary judgment, or that the district court gave defendants legal advice.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

17-35718